Hall, Judge.
 

 This case may be simplified by considering
 
 Pullen
 
 himself the witness objected to.. It appears to me, that when the cause of action in this case is considered,
 
 Pullen's
 
 interest is obvious. The case states, that the suit is brought upon a promise by
 
 Littlejohn,
 
 to pay the amount of overcherkings by him, made upon the bank, whilst
 
 Pullen
 
 was cashier thereof; that h, that
 
 Littlejohn
 
 received money of the bank, from the hands of
 
 *382
 

 pollen,
 
 for which
 
 Littlejohn
 
 had no right to chock, anil
 
 punen
 
 |ia(j no anfhoriiy to pay. Therefore as he ought not to have made such payments without authority, he is ¡¡a[)¡P (0 p[ie hank for them. But if this recovery can be made of Littlejohn, the bank will have no demand against
 
 Pullen.
 
 It follows that
 
 Pullen
 
 is interested in the event of this action.
 

 This is not like the case, where an agent is permitted to be a witness from the necessity of the case, where from the nature of the transaction, it is not likely that witnesses, altogether disinterested, can have a knowledge of it. In such cases the agent may be á witness, as to things transacted within the scope of his authority. But ■when he acts beyond the limits of his authority, and thereby becomes liable himself, lie cannot be a witness ■without a release. (2
 
 Stark. 753, 767,
 
 768.) And in that situation
 
 Pullen
 
 appears to be, because be paid over the money to
 
 Littlejohn,
 
 without authority from the bank. It is further to be considered, that when agents arc permitted to become witnesses from necessity, as to transactions of which it is presumed they only have, a knowledge, the rule is not extended further. They cannot be examined as to facts of which one person as well as another may have a knowledge, and which, from the nature of their employment, are not presumed to be confined to their knowledge. Thus in the present case,
 
 Littlejohn
 
 is charged with a debt due to the bank. Knowledge of the fact that he at a future day promised to pay it, is not necessarily confined to the cashier of the bank. The
 
 assumpsit
 
 should be proied by disinterested testimony, as in ordinary cases.
 

 Every objection which could be made to
 
 Pullen,
 
 may be made to the witness ; because lie wras
 
 Pullen’s
 
 surety as cashier, when, it is alleged,
 
 Littlejohn
 
 received the money sued for in this action.
 

 Per Curiam. — Let the judgment of the Court below be reversed.